NEW-YORK,
Nov. 1809.

HARTNESS
and another
v.
THOMPSON
and others.

---

## HARTNESS and another *against* THOMPSON and Wife, and NELSON.

Where the plaintiff declares on a joint and several contract, against several defendants, and one of them pleads *infancy*, or gives it in evidence, at the trial, under the general issue, the plaintiff may enter a *nolle prosequi* against the infant, and proceed to judgment against the other defendants. The jury may find a verdict for the infant defendant, and a verdict for the plaintiff against the other defendants.

Infancy is a personal privilege, and can be taken advantage of only by the infant himself.

THIS was an action of *assumpsit*, on a joint and several promissory note, made by *Sarah Nelson*, while a *feme sole*, now the wife of the defendant *Thompson*, and by *Joseph Nelson*, the other defendant. The declaration was in the usual form. The defendants pleaded *non assumpsit*, and *ne unques accouple*, in lawful matrimony.

The cause was tried at the *Albany* circuit, in *October*, 1808, before Mr. Justice *Spencer*. At the trial, the counsel for the defendants admitted the making of the note, and the marriage of *Sarah Nelson;* and offered to prove, that *Joseph Nelson*, the other maker of the note, was an infant, at the time it was made. This evidence was objected to, but admitted by the judge ; and the infancy of *Nelson* was proved. The defendant's counsel then moved for a nonsuit, which was opposed ; and the judge directed the jury to find a verdict against *Thompson* and his wife, for the amount of the note, with interest, and a verdict for *Nelson*, the other defendant ; and the jury found a verdict accordingly.

A motion was made to set aside the verdict, on a case stating the above facts, which was submitted to the court without argument.

VAN NESS, J. delivered the opinion of the court. The precise question presented by this case does not appear to have been settled by any express adjudication. We are aware, that in the cases of *Chandler* v. *Parkes and Danks*, (3 *Esp. N. P. Rep.* 76.) and of *Jaffray* v. *Fretain and others*, (5 *Esp.* 47.) which were circumstanced like the present, the plaintiffs were nonsuited. These, however, were decisions at *Nisi Prius*, and we are inclined to adopt a different, and, as we apprehend, a more convenient rule. In doing so, we do not believe that we contravene any established rule of law.

In the case of *Noke and Chiswell* v. *Ingham*, (1 *Wils.* 90.) *Denison*, J. takes this distinction : " In cases where an action is brought against several parties to a joint contract, and one pleads some plea which goes to his personal discharge, and not to the action of the writ, the plaintiff may enter a *nolle prosequi* as to him, and proceed against the others." Serjeant *Williams*, in a note to 1 *Saund. Rep.* 207. a. considers this distinction a sound one, and the present case falls within the reason, though not within the words of it. When a suit is commenced against several joint debtors, upon a joint contract, and one of them pleads or gives in evidence a matter which is a bar to the action, as against him only, and of which the others cannot take advantage, as it respects them, there can be no good reason why the plaintiff should not be at liberty to proceed to take judgment against them. The infancy of one of the defendants does not destroy the plaintiff's right of action against the rest; and this court, in the case of *Van Bramer et al. adm'rs*, v. *Cooper and another*, (2 *Johns. Rep.* 279.)

NEW-YORK,
Nov. 1809.

HARTNESS
and another
v.
THOMPSON
and others.

held that infancy was a personal privilege, of which the infant alone could take advantage. Why turn the plaintiff round to another action, when perfect justice can be done in this? The infancy of *Nelson*, one of the defendants, may have been unknown to the plaintiff; and if known, it was uncertain whether it would be insisted upon by him, in his defence. It was not pleaded, but given in evidence on the trial, as in this action it legally might be, under the general issue.

If this note had been joint, instead of joint and several, it is not easy to discover any method of enforcing the payment of it against *Thompson* and wife, without making *Nelson* a party to the suit. Suppose, in that case, the plaintiffs should bring a suit against the former only, it appears impossible to maintain the action in any other way, than by their showing the infancy of the latter. If this be so, it may be asked, whether it would not be unprecedented, to allow the plaintiffs to take advantage of the infancy of one of the parties to the contract, for the express purpose of enforcing it against the others; and whether such a procedure would not be a direct violation of the principle before alluded to, that infancy is the personal privilege of the infant, and of which he only can avail himself?

The general principle, that the plaintiff must prove a joint contract when he brings a joint suit, is not intended to be shaken by the rule which the court have thought proper to apply to this case. We mean to confine its operation exclusively to the case of a defence insisted upon by one of several joint debtors, which is personal to him, and which does not go to the discharge of all.

Although the case of *Tooker* v. *Bennett and Brower*, (3 *Caines*, 4.) is not, in all respects, like the present, it is in point so far as to obviate one ground of objection to the rule we have adopted. It may be said, that there will be an inconsistency upon the record in this case.

The court there say, that a joint suit was properly brought; and it will appear by the record, that although the promise was joint, yet judgment was recovered against one only, by reason of the discharge of the other. The same thing will appear here, by entering proper suggestions upon the record. We are of opinion, therefore, that the parties take judgment upon the verdict as it stands.

Judgment accordingly.