*margin:* HARRISON. November 1818

Francis *v.* Thompson

## FRANCIS vs. THOMPSON.

An indenture of apprenticeship is not void for omitting a covenant on the part of the master to teach the apprentice to read and write. Nor for omitting the age of the apprentice. A boy over fourteen may bind himself an apprentice, with the consent of his parent or guardian.

COVENANT ON AN INDENTURE OF APPRENTICESHIP.

The Indenture declared on, was one by which the plaintiff, by and with the consent of his father, put himself apprentice to the defendant to learn the trades of a little wheel right and windsor chair maker, to serve from the 9th of January 1815 for three years. The defendant covenanted " to use the utmost of his endeavors to teach and instruct the said apprentice or cause him to be instructed, in the trade of a wheel wright and windsor chair maker, and procure for him sufficient meat and drink, and find him washing, lodging and mending, two linen shirts and two pairs of trowsers, one pair of shoes, and one pair

HARRISON. of socks each and every year, during the said term, and
November 1818 one pair of linsey trowsers each year, and send said
Francis apprentice three months to school any time in the said
*v.*
Thompson. term, schooling to be all together." Signed, "Walter
Francis" and seal. "Jas. W. Thompson" and seal. "Consented to
by John Francis."

The breach assigned was, " that the defendant did not use the
utmost of his endeavors to teach and instruct, or cause the plaintiff to
be instructed, in the trade and mystery of a wheel wright and windsor
chair maker ; but on the contrary thereof, caused, &c. the plaintiff to be
generally, principally, and almost entirely, to be employed in labour
for the defendant at agricultural pursuits and other labour and business
of the defendant, having no relation or connection with said trade, to
wit, for the space of two years in the term," &c.

The defendant demurred to the declaration specially. 1st. For
" that there is no clause or covenant in the said indenture that the said
James should at least cause the said Walter to be taught and instructed
to read and write." 2d. That the age of the said Walter is not inserted
in said indenture. 3d. That said Indenture was and is void in law.

WRIGHT, in support of the demurrer, contended that the statute
law made it necessary that the age of the apprentice should be inserted
in the indenture, and also that there should be a covenant, on the part
of the master, that the appıentice should at least be taught to read and
write—that the indenture is void in law, being a deed under seal of an
infant—that an infant could only be bound apprentice by a parent,
guardian, or overseer of the poor. To prove that the indenture was
void, he cited 2d Bl. Rep. 1133, 2d Salk. 675, 1 H. Bl. Rep. 75, and 1st
Johns. Cas. 127.

BEEBE and HAMMOND, contra, that the bond of an infant was
voidable only—cited 1st Johns. Cas. 127. That infancy was a personal
privilege, of which the party only can avail himself, 2d John. 279, 5th
John. 160.

PRESIDENT.—The first objection to this indenture is, that the
defendant did not covenant that the plaintiff should be taught to read
and write. After the plaintiff has served the defendant three years,
the latter claims to be released from *all* his covenants, because they
were not as onerous upon him as they ought to have been ; this is a
most knavish objection, one that can receive no support from the law,
or countenance in a court of justice. The "act concerning appren-
tices and servants," section 1st, enacts, " that all indentures made by

overseers of the poor, by and with the consent of a <span style="float:right">HARRISON.<br>November 1818</span>
justice of the peace in any township in this state, or
by any parents or guardians for binding or putting out <span style="float:right">Francis<br>v.<br>Thompson.</span>
any child as an apprentice or servant, shall, among the
covenants in such indenture made and agreed upon between the
parties, always have a clause to the following effect, that every
master or mistress to whom such child shall be bound as aforesaid,
shall at least cause such child to be taught and instructed to read
and write." If this direction of the statute is not observed, the minor,
who is injured by the omission of such covenant, may perhaps avoid,
on that account, the obligation of the covenant on his part, to serve.
The statute does not, indeed, determine what effect such omission shall
have upon the indenture; it does not say that it shall, in such case, be
void, or voidable. If it is voidable, it can only be so at the instance of
the party injured; and when the contract is executed on the part of
the minor, he is entitled to damages for all the covenants which have
been broken on the part of the master. It does not appear on this
record, that the plaintiff was a minor at the time of executing this
indenture. It may be conjectured that he was, from the circumstance
of his binding himself "by and with the consent of his father," and
from his father having signed his consent subjoined to the indenture —
but this is not conclusive, or even preponderating evidence, of such
fact; and, as we cannot assume any facts not stated, the demurrer
must fail altogether. But if this difficulty was obviated, the second
cause of demurrer would stand on the same principle as the first: the
same section of the statute directs, that " the age of the person so bound,
shall be inserted in the indenture," &c. That there may be no question
as to when he is free, it should be inserted for the benefit of the minor;
but the omission does not make the indenture either void in law, or
voidable at the instance of the master. Admitting that the plaintiff
was an infant at the time of executing this indenture, it does not follow
"that the indenture was and is void in law"—for "an infant may
maintain covenant upon mutual covenants though he himself is not
bound by his covenant on the other part," 3 Com. Dig. 618—" A
fortiori where the money or consideration on the part of the infant is
paid, and the consideration executed," ib. The bond of an infant is
voidable only, 1 Johns. Cas. 127, and infancy is a personal privilege, of
which the party alone can avail himself, 2d Johns. 279, 5 Johns. 160,
2d. Hen. Black. 511. The question, what acts of infants are void and
what voidable only, was very ably discussed by Lord Mansfield in the

HARRISON.
November 1818

case of Zouch vs. Parsons, 3 Burr. 1794, 1 Black. 575. The law as laid down by Perkins, section 12, that "all such gifts, grants, or deeds, made by infants, which do not take effect by delivery of his hand, are void; but all gifts, grants or deeds made by infants, by matter in deed or in writing, which do not take effect by delivery of his hand, are voidable by himself, by his heirs, and by those who have his estate " is recognised as the correct doctrine.

The privilege of infants is intended for their protection; that is the object which must be kept in view in all cases. The defendant here, is not setting up this objection to the indenture as a protection to the plaintiff, but as a fraud upon him; now there is not any case to be found, where the other party to a deed has avoided it on the ground of infancy; it is very certain that it cannot be done. *Demurrer overruled.*