Judge Green,
delivered the opinion of the Court. *
The appellant and Pennell, an infant, were partners in trade under the firm of F. A. Pennell & Co. Pennell executed a promissory note in the name of the firm to the appellees, for valuable consideration. The appellees brought an action on this note, against Wamsley only; and in declaring, alledged- that Pennell was an infant when he executed the note, and, therefore, was not bound by the contract; and that the appellant was solely hound. The appellant demurred and pleaded to the declaration, and judgment was given for the plaintiffs.
The only question is, whether this action can he sustained on this declaration; and this depends on the enquiries, whether the contract declared upon was, as to the infant, absolutely void, or only voidable, at his election; and whether the plaintiffs could alledge the infancy of Pennell, for the purpose of shewing that it was either void or void - able.
There is considerable difficulty in ascertaining, from the English authorities, what contracts of an infant are void per se, and what are voidable only, at the election of the infant. The cáse of Thompson v. Leitch, reported in Carthew, Modern Reports, Salkeld, and many other books, contains many dicta upon these points. That was the case of a surrender by an ideot, to the prejudice of a remainder-man, claiming per formam doni, and who was allowed to alledge the insanity of the surrenderor, for the purpose of avoiding the surrender. This ease is examined and commented on by the Court of King’s Bench, in the case of Zouch v. Parsons, 3 Burr. 1794, where it is shewn, that the doctrines laid down in Thompson v. Leitch, are not applicable throughout to the case of contracts made by infants. In the case of Zouch v. Parsons, it is laid down *480 in general, that the contracts of infants may be ratified or avoided, at the pleasure of the infant, when he attained his age: that this is a privilege personal to the infant; and that neither the other contracting party, nor a stranger, could alledge the infancy, to avoid the contract: that it followed, from the power of the infant to confirm his contract after he came of age, that it was not void ipso facto, (for if it was, it could not be confirmed,) but only voidable at the infant’s pleasure; in short, that this privilege existed only for the benefit of the infant, if he chose to avail himself of it, but to no other purpose: that these general rules were liable to some exceptions, as where the existence of the contract for a moment would prejudice the infant, by subjecting him to a penalty, forfeiture, or breach of trust; in which cases the contract is void ab initio. Other cases fortify those general principles, as applicable to the case at bar. That a contract, such as this, may be confirmed by the infant, after he comes of age, appears by the cases of Cole v. Saxby, 3 Esp. N. P. Cas. 159, and Haner v. Killing, 6 Esp. N. P. Cas. 102; in the first of which, the plaintiff and defendant, then an infant, had joined ia a bond for securing an annuity to another. The plaintiff had paid all, and sued the defendant for a moiety, who pleaded his infancy; to which the plaintiff replied, that, he had assumed after he came of age; and per Lord Kenyon the defendant was bound by this assumpsit: And in the latter case, Lord Al vanee Y said, that an infant was discharged by his non-age, for goods, not necessaries, furnished to hkn before his full age; but that he might bind himself by a new promise after he attained his full age.
If these contracts were void ipso facto, they could not be a consideration for supporting a new promise, after the infant attained his age. Such new promise would be a nude pact. Nor can the other party to the contract, alledge the infancy to avoid the contract. Thus in Forester’s Case, cited in Vin. Abr. Enfant, H. 4, pl. 3, an infant, by his guardian, brought assumpsit on a promise by *481 the defendant, to make an assurance to the infant, on consideralion that the infant would pay so much money. It was alledged in the defence, that the infant’s promise being void, there was no consideration for the defendant’s promise. But, the Court held that the action will lay, “ for it Is only in the election of the infant to make his promise void, and not of the other party. ” And so in many other eases cited in Bacon’s Abridgment and Vinar. In Van Bramer v. Cooper, 2 Johns. Rep. 279, the adult defendant sued with an infant, was not permitted to avail himself of the infancy of his co-defendant, which he might have done, if the contract was void ab initio as to the infant.
The plaintiffs, therefore, in this case, could not alledge the infancy of Bennell, to avoid the contract as to Fennell. If they had sued Pennell and IVa/nsley jointly, and Fennell had insisted ou his infancy, to avoid the contract as to him, it might he doubted whether they could, in that action, have judgment against Warnsley. This doubt arises from two Nisi Prius decisions; the one by Lord Kenyon, in Chandler v. Paries, &c., 3 Esp. N. P. Cas. 76; the other by Lord Ellenborough, in Jeffry v. Frebaine, 5 Esp. N. P. Cas. 47, in which it was decided, that in such case, judgment could not he given against the adult defendant, but the plaintiff’ should discontinue and bring a new suit against the adult; and, if ho pleaded in abatement that another was joined in the contract, a replication that such other was an infant, would be a good answer to the plea. If this be law, it does not seem to follow, that the plaintiff can, in the first instance, and before the infant has elected to avoid the contract, alledge, that the contract was void as to the infant. After the infant has in fact availed himself of his privilege, the plaintiff, alledging that fact, might maintain his action against the adult, in a new suit, if he were not already before the Court. But, if he were already a party to the suit iu which the infant pleaded infancy, we sec no reason why the plaintiff should be turned round to a new suit; since all the facts necessary to enable *482 him to maintain a new suit, would already appear truly stated on the record. For, the contract, although avoided by the plea of infancy by relation, ab initio, was yet truly a subsisting contract when the declaration was filed, and capable of being confirmed by the infant, when of age. Those Nisi Prius cases have been reviewed in the Supreme Court of New-York, and over-ruled. Hartrup v.. Thompson, 5 Johns. 160; in conformity to which, the case of Cole v. Pennell, (ante,) 174, was lately decided in this Court. In England, a note of hand given by an infant, even for necessaries, is perhaps void, because, having- the effect of a Bill of Exchange by statute, he might he precluded from contesting the consideration against a third person. But no such objection exists, as to the note of hand given in this case.
Upon the whole, we think that the contract in question, was not, as to the infant, absolutely void, but only voidable at his election; that it was a subsisting contract when ■ the suit was instituted; that it was not competent to the plaintiff to treat it as void, until the infant had elected to make it void; and the action should have been brought jointly against Pennell and Wamsley, that, therefore, the demurrer to the declaration must be sustained, the judgment reversed, and final judgment entered for the defendant.

 Judge Coalter, absent.