### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF MERRIMACK, DECEMBER TERM,

### A. D. 1833.

---

## SIMEON CATE *versus* R. E. PECKER & SAMUEL BICKFORD.

In assumpsit against two defendants after a verdict against one of them it appeared by the record that a *nolle prosequi* had been entered as to the other, but it did not appear that he had interposed any defence that was personal to himself so as to justify a *nol. pros.* On a motion in arrest of judgment for this cause it was held that as a *nol. pros.* is always entered by leave of the court, it must be presumed to have been entered in this case upon a proper occasion and the motion in arrest was overruled.

ASSUMPSIT. The plaintiff had entered a *nolle prosequi* as to Bickford. And after a verdict returned in favor of the plaintiff against Pecker, I. Bartlett moved the court to arrest the judgment, because it did not appear by the record that Bickford had interposed any defence that could warrant a *nolle prosequi* as to him. He insisted that a *nolle prosequi* as to one of two defendants in assumpsit

could be entered only in cases when he interposed a defence that was personal to himself, as infancy, bankruptcy, &c. He cited the case of *Hartness* v. *Thompson, & a.* 5 Johns. 160, and *Woodward* v. *Newhall,* 1 Pickering, 500.

*Nesmith,* for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

In our practice, leave to enter a *nolle prosequi* is always obtained from the court. The practice seems to be the same in Massachusetts. 1 Pickering, 500.

In cases where one of several defendants interpose a defence which is personal to himself, as infancy, &c. it is a matter of course to grant leave to enter a *nolle prosequi* as to him. 1 Pickering, 500; 5 Johns. 160; 1 Peters S. C. R. 75, *Minor* v. *The Bank of Alexandria* ; 2, M. & S. 444, *Moravia* v. *Hunter* ; 1 Chitty's Pl., 32—33 ; 1 Saunders, 207, note (2 ) ; 1 Tidd's Prac. 631 ; 1 Wilson, 89, *Noke* v. *Ingham.*

But when counts are misjoined, the mistake will not be permitted to be cured by a *nolle prosequi.* 1 H. Bl., 108, *Rose* v. *Bowler* ; 4 D. & E. 360, *Drummond* v. *Dorant.*

When there are several counts, to one of which there is a demurrer, the plaintiff may have leave to enter a *nolle prosequi* as to that. 6 Taunton, 444 ; 1 B. & P. 157.

In this case a *nolle prosequi* has been entered by leave of the court, and we must now presume that there was a proper occasion for entering it until the contrary appears. There is then no ground for arresting the judgment.

If leave to enter the *nolle prosequi* was improvidently granted, the proper course is to move to set it aside.

*Judgment on the verdict.*