WILLIAM H. MOORE *vs.* DAVID S. KNOWLES *et als.*

Somerset, 1875.—March 16, 1876.

*Pleading. Trial.*

A brief statement filed with the general issue is equivalent to one or more special pleas in bar, under leave to plead double, setting out the various matters alleged therein; and under the brief statement and general issue, the defendant has the rights incident to both pleas.

Upon demurrer by the plaintiff to a faulty plea of the general issue, the plaintiff will not be entitled to judgment though his demurrer is sustained, if the brief statement alleges what would amount to a valid defense under a special plea in bar.

The brief statement and general issue must be so far regarded as distinct and independent pleadings that a fatal defect in the one will not necessarily destroy the other.

A special demurrer, based upon a defect in the plea of the general issue, does

not meet or apply to the brief statement filed therewith. Nor is it an admission of the facts alleged in the brief statement.

Hence, *held*, that no final judgment for either party can be rendered upon such demurrer and the joinder which the statute requires of the opposite party.

ON AGREED STATEMENT.

ASSUMPSIT against David S. Knowles, Charles H. Morse and Lowell Knowles.

Lowell Knowles alone defended. The declaration is as follows :

In a plea of the case : For that the said defendants, at said Corinna, on February 27, 1866, by their promissory note of that date, by them subscribed, for value received promised to pay Thomas R. Gardiner, or order, three hundred dollars on demand and interest ; and the said Gardiner thereafterwards, on December 1, 1868, indorsed and delivered said note for value received to the plaintiff, of which the said defendants had notice, and became liable, and in consideration thereof, then and there promised to pay the plaintiff the contents of said note according to the tenor thereof.

*Plea.* And now the said Lowell Knowles, one of the said defendants, comes and defends, when, &c., and for plea says that he never promised the said plaintiff in manner and form as the said plaintiff in his writ and declaration hath alleged against him ; and of this he puts himself upon the country.

By *V. A. Sprague*, his att'y.

*Brief Statement.* And by way of brief statement, the said Lowell Knowles further says, that he signed the note declared on as surety for one David S. Knowles, who was the principal in said note, and that he received no consideration therefor, which facts were well known to the payee of said note, who was the agent of the plaintiff ; that the money loaned by said payee of said note to said David S. Knowles, and for which this note was given, was the money of the present plaintiff, and was loaned as such, with the agreement that the term of payment should be extended six months from the date of said note, unless the plaintiff should require payment before—for which time of payment nine dollars was paid in advance by the said David S. Knowles ; that at the expiration of said six months, the said David S. Knowles, without the knowledge or consent of this defendant, agreed with the payee of said note, then

the agent of said plaintiff, to extend the time of payment thereof six months more ; and for such extension paid to said payee, in addition to the interest of said note, the sum of nine dollars ; that subsequently the said note was transferred and indorsed to the said plaintiff, who demanded payment thereof of the said David S. Knowles, and thereupon the said David S. Knowles agreed with the said plaintiff to extend the time of payment of said note, for one year from the 27th day of February, 1868, paying the said plaintiff for said extension for the interest then due and extra interest as per agreement, and also paying him the sum of eighteen dollars for said extension of one year, all of which was without the. knowledge or consent of said defendant.

*L. Knowles* by *V. A. Sprague,* his att'y.

To the plea of said defendant the plaintiff demurred specially, assigning for cause that it presented no proper issue, and was no sufficient answer to the plaintiff's declaration.

The defendant joined in demurrer in proper form. And it was agreed by the parties that the full court should enter such judgment upon the foregoing plea, demurrer and joinder, by nonsuit or default, as should be in accordance with the law of the case.

*D. D. Stewart,* for the plaintiff.

The plaintiff alleged a joint promise by three defendants. One of whom pleads severally that he never promised, &c.

It is well settled law that in assumpsit against several defendants upon a joint contract, they cannot plead severally. If they do, and the plaintiff demurs, he will have judgment.

And the rule of law is the same where one only defends, and the other defendants are defaulted.

He cannot plead that he never promised, because he does not meet the allegation in the plaintiff's writ, which is that the three promised. He tenders no proper issue by such a plea.

It is no answer to the cause of action set out in the plaintiff's declaration, which is the plaintiff's pleading. *Burnham* v. *Ross,* 47 Maine, 456.

"A pleading must be an answer to the whole of what is adversely alleged; and a pleading, bad in part, is bad altogether." 2 Bennett & Heard's, Dig. Mass. Rep., 459.

If the plea offered by the defendant does not purport to answer the whole declaration, the plaintiff should demur, and he will be entitled to judgment. *Parker* v. *Parker*, 17 Pick., 236.

In the present case one of the defendants pleaded severally that he never promised, &c.

The plaintiff demurred specially, assigning for cause that the plea presented no proper issue, and was no sufficient answer to the plaintiff's declaration.

By the agreement of the parties, the single question presented to this court is, whether this plea is sufficient upon demurrer.

If sufficient, a nonsuit is to be entered ; if insufficient, a default.

That the plea is bad is shown by the following authorities : *Meagher* v. *Bachelder et als.*, 6 Mass., 444 ; *Butman* v. *Abbot*, 2 Greenl., 361 ; *Tappan* v. *Bruen*, 5 Mass., 193 ; *Tuttle* v. *Cooper*, 10 Pick., 281–6–7; *Columbian Man. Co.* v. *Dutch*, 13 Pick., 125 ; *Ward* v. *Johnson et al.*, 13 Mass., 148.

"The law requires in every plea two things—the one, that it be in matter sufficient—the other, that it be deduced and expressed according to the forms of law ; and if either the one or the other of these be wanting, it is cause of demurrer." Stephen on Pleading, 140. *Tobey* v. *Smith*, 15 Gray, 535.

The present plea is defective in both form and substance, and the plaintiff is entitled to judgment.

The statute, authorizing brief statements under the general issue, has made no change in the form of the general issue, which must, as before, be properly adapted to the case, and meet the whole of the plaintiff's declaration ; and for any defect in such general issue a demurrer will be sustained, and the brief statement will be wholly unimportant. *Tappan* v. *Heath*, 16 N. H., 34.

*V. A. Sprague*, for L. Knowles.

BARROWS, J. The main object of our statutes, permitting the use of brief statements of special matter in defense in connection with the general issue in lieu of special pleas in bar, is well stated by Shepley, C. J., in *Trask* v. *Patterson*, 29 Maine, p. 502, thus : "one of the important purposes designed to be accomplished by allowing them to be used instead of pleas and replications, was to

relieve the parties from that exactness of allegation and denial, by which parties were sometimes so entangled as to prevent a trial upon the merits."

It would be a signally perverse failure in its chief design, if it should turn out that a plaintiff could entitle himself to judgment, by demurring to a faulty plea of the general issue, accompanied by a full and sufficient brief statement, setting forth facts which constitute a perfect defense, and which, if put in the form of a special plea, would be a bar to the plaintiff's suit. It cannot be so. A well drawn brief statement, filed with the general issue, is equivalent to a special plea in bar setting out the matter alleged therein. If it alleges facts upon proof of which the defendant would be entitled to judgment, the plaintiff cannot have judgment in his favor upon a demurrer to what might be a defective and demurrable plea of the general issue, if it stood alone.

In such a case as this, the substance of the controversy is presented, not by the mere formal pleading of the general issue, but by the brief statement subjoined.

If such brief statement contain matter which is pleadable in bar and sufficient, if proved to entitle the defendant who relies on it to be personally discharged, notwithstanding the plaintiff should establish his claim beyond controversy under a naked plea of the general issue, why should it not have the same effect upon demurrer, when there is a fatal defect in the form of the plea, but none in the substance of the brief statement?

"To divest legal proceedings of all abstruse technicalities," (remarks Rice, J., in *Day* v. *Frye*, 41 Maine, p. 330,) "has been a favorite object of modern legislation. Hence the abolition of special pleading, and the substitution of the proceeding by brief statement. It was to render simple, plain and certain, that which before, to the common mind at least, was dark, complicated and uncertain."

The general issue was not what this defendant relied on for his defense. The principal promisor in the note being defaulted, and the plaintiff having discontinued against the other surety, this defendant commences his brief statement by admitting in substance all which would be put in issue by the most precise and formal

plea of the general issue, and then he proceeds to make a simple and plain, and sufficiently certain statement of the subsequent acts and facts upon which he bases his defense.

The subtleties of special pleading and its power "to prevent a trial upon the merits," would be outdone, if we were to give to this demurrer the effect which the plaintiff claims.

The force and effect of brief statements, filed with the general issue, were the subject of consideration in various cases, not long after the passage of the statute authorizing their use as a substitute for special pleading.

In *Chase* v. *Fish*, 16 Maine, 132, a suit upon a bond, the defendants pleaded the general issue with a brief statement assigning duress as a special ground of defense ; and it was held that "the defendants have the same rights and no more, as they would have had, if before the statute, under leave to plead double, they had pleaded the general issue and a special plea in bar that the bond had been obtained by duress." In *Potter* v. *Titcomb*, 16 Maine, 423, it was distinctly decided that "the points in a brief statement are equivalent to one or more special pleas in bar under leave to plead double ; the final judgment depends upon what the law as applied to the case may require. And this is in accordance with the old system, where, upon different sets of pleadings, some issues might be found for the plaintiff and some for the defendant." Thus we see that the general issue and brief statement are not to be confounded together as parts of one and the same plea as the plaintiff's counsel here proposes to treat them.

In *Pejepscot Proprietors* v. *Nichols*, 10 Maine, p. 261, it is said that "it is a settled principle that where the defendant pleads several pleas to the same count, or, under the general issue, in virtue of the before mentioned act of March 30, 1831, places his defense on several distinct grounds relied on ; if he obtains a verdict on any one issue, or on any one of such distinct grounds, he will be entitled to judgment, though the other issues are found, or other grounds of defense are decided in favor of the plaintiff."

It seems to follow that the law cannot regard a good and sufficient brief statement vitiated, because it accompanies a plea of the

general issue which, of itself, would be unavailing by reason of defect in form or substance, or for want of support in proof.

It is familiar doctrine that where, in assumpsit, the defendants sever in their pleas, one or more of them pleading something which goes to his personal discharge, (such as infancy, bankruptcy, *ne unques executor*, and the like,) not denying the cause of action alleged in the writ, the plaintiff may prevail against some of the defendants, while he fails as to those who sustain such special matters in defense. And he is at liberty to proceed against all, and entitle himself to judgment against those whom he can legally hold, or to enter a *nolle prosequi* as to those who could sustain their separate special pleas. Chap. 201 of the Laws of 1874, was not necessary to enable him to do this. *Cutts* v. *Gordon*, 13 Maine, 474. *Hartness* v. *Thompson*, 5 Johns., 160. *Woodward* v. *Newhall*, 1 Pick. 500. *Tuttle* v. *Cooper*, 10 Pick., 281. *Salmon* v. *Smith*, 1 Saund., 207, a., in note.

If it was to be regarded as a mere plea of the general issue, the defendant's plea in the case before us, to which the plaintiff has demurred must be held bad. *Butman* v. *Abbot*, 2 Maine, 361. *Meagher* v. *Bachelder*, 6 Mass., 444. *Ward* v. *Johnson*, 13 Mass., 148.

That it cannot be so regarded under our statutes and decisions we have already seen. *Utile per inutile non vitiatur.* Its own proper force must be accorded to the brief statement, as distinct from the general issue to which it is appended, but of which it is nevertheless so far independent that a failure to sustain the one, either in law or in fact, cannot be regarded as fatal to the other. If a defendant makes an insufficient and futile brief statement, he is not thereby deprived of his rights under a good plea of the general issue, and *vice-versa.*

From these views it results that the stipulation in the case before us, that "the full court shall enter such judgment upon the foregoing plea, demurrer and joinder, by nonsuit or default as shall be in accordance with the law of the case," becomes abortive. The "law of the case" does not warrant a final judgment for either party upon these pleadings.

The special demurrer must be sustained; but it does not war-

rant a judgment for the plaintiff, for it touches only the general issue, and does not meet or apply to the brief statement.

Nor, on the other hand, do we think the demurrer can be treated as an admission of the facts alleged in the brief statement.

At *nisi prius,* either or both of the parties may have leave to amend their pleadings, as law and justice may require, upon such terms as the judge thinks proper.        *Case remanded.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and LIBBEY, JJ., concurred.