Van Bramer and others, administrators of Van Bramer, *against* Cooper, who is impleaded with Van Bramer.

NEW-YORK,
May, 1807.

Van Bramer
and others
v.
Cooper and
another.

. THIS was an action of *assumpsit*, against the defendant, *Cooper*, and one *Thomas Van Bramer*, for one thousand dollars lent by the intestate, and for which *Cooper* and the other defendant gave an accountable receipt for the re-payment of the money in one year. The receipt mentioned that the one thousand dollars, with another sum of one thousand dollars furnished by *Cooper*, was to be vested in stock in trade under the management of the defendants, as grocers, under the firm of *Cooper* and *Van Bramer*. *Cooper* alone was arrested on the *capias* issued against the defendants, the sheriff having returned, as to *Van Bramer*, " not found." *Cooper* pleaded *non assumpsit*, and gave notice of special matter to be offered in evidence. The cause was tried at the *Dutchess Circuit*, the 10th June, 1806, before Mr. Justice *Tompkins*. At the trial the plaintiffs proved the receipt given by the defendant : the defendant offered to prove, 1. That *Peter Van Bramer*, the intestate, and *Cooper*, were partners in trade, and that the money was applied to the use of the copartnership. 2. That the partnership had been since dissolved; and, 3. That *Thomas Van Bramer*, the defendant not taken, when he signed the receipt above-mentioned, was an infant.

*In an action against two defendants, where one is taken and brought into court, and the other returned not taken, the defendant in court cannot, under the general issue, give in evidence the infancy of his co-defendant. The plea of infancy is a personal privilege, of which the party alone can avail himself.*

This evidence was overruled by the judge, and the jury found a verdict for the plaintiffs.

The case was submitted to the court without argument.

TOMPKINS, J. delivered the opinion of the court.

The infancy of the defendant, *Thomas Van Bramer*, was a personal privilege of which he alone could avail himself. The fact of infancy not being pleaded, or taken advantage of by him, the co-debtor cannot shield himself, on that ground, from the performance of his contract.

The proof of a partnership between the intestate and *Samuel Cooper*, was wholly irrelevant, because the existence of such a partnership would not have precluded a recovery upon the contract produced, and proved at the trial; inasmuch, as such contract was a special, separate, and independent one, the performance of which may be enforced, notwithstanding the partnership. The rejection of this proof was proper on another ground, namely, that the only effect of it would have been to vary and control the operation of a written contract, in no respect ambiguous. These observations apply as well to the offer to prove the existence of a partnership between the intestate and *Cooper*, as to the evidence tendered of the dissolution of such partnership. The plaintiffs are, therefore, entitled to retain the verdict.(*a.*)

Judgment for the plaintiffs.

(*a*) Vide Hartrep et al. v. Thompson et al. 5 John. Rep. 160. Infancy is a personal privilege, and unless claimed by the party, cannot be urged by another, *unless he is privy in estate.* Beeler v. Bullit, 3 Marsh. 280. Vide Oliver v. Homelet, 13 May. 237.