Slocum and Walker agt. Hooker and another.

--------

## SUPREME COURT.

### SLOCUM AND WALKER agt. HOOKER AND ANOTHER.

Whether a contract between an *infant* and the party with whom he contracts, is to be regarded as absolutely void or merely voidable, any other person can not take advantage of the existence of such a contract, because it is sufficient to show that it was made with a person whom the law pronounces incapable of contracting.

Therefore an infant joint contractor or copartner may be disregarded entirely, and left out, in bringing an action against the contractors or firm.

*Rensselaer Special Term, February* 1851. *Demurrer to plaintiff's reply.* The action was brought against James H. Hooker

and Pope Catlin, to recover damages for non performance of a special contract. The defendants, among other things, alleged that Richard H. Pattison at the time of making the contract was a copartner with them, and was, and still is, jointly interested with them in the contract. The plaintiff replied that Pattison was an infant, and the defendants demurred.

JOB PIERSON, *for Plaintiff*.

HIRAM P. HUNT, *for Defendant*.

HARRIS, Justice.—Whether the contracts of infants are to be regarded as absolutely void, or merely voidable, is a question which has been much discussed, and which, so far as it depends upon the discussions to be found in the books, is still left in great confusion. " The tendency of the modern decisions," says Chancellor Kent, " is in favor of the reasonableness and policy of a very liberal extension of the rule, that the acts and contracts of infants should be deemed voidable only, and subject only to their election, when they become of age, either to affirm or disallow them" (2 *Kent's Com.* 235). It is also a general rule, that no one but the infant himself, can avoid his voidable contract. If, therefore, the contract of an infant be voidable merely, and the infant alone can avoid it, how can it be treated as void, until the infant has made his election to disaffirm it? If the contract is not void until the infant chooses to say it is void, then, indeed, the contract upon which this action is brought is not the contract of the defendants alone, but Pattison, the infant, must be held to be a joint contractor with them. This reasoning would lead the plaintiffs into this dilemma. On the one hand, if they sue all the contractors, they must fail in their action, upon a plea of infancy by one. This is the English rule. In Chandler vs. Parks and Danks (3 *Esp.* 76), Parks pleaded the general issue, and Danks pleaded infancy. The plaintiff entered a *nolle prosequi* as to Danks, and proceeded against the other defendant. Upon the trial he was nonsuited; Lord Kenyon holding that he should have discontinued, and brought a new action against Parks alone.

Slocum and Walker agt. Hooker and another.

The same doctrine was followed by Lord Ellenborough in Jaffray vs. Freebairn and others (5 *Esp.* 47), where it was held that the plaintiff having declared upon a joint contract, could not convert it into a sole contract, by discontinuing against one of the contractors, but that he ought to have declared on it as a sole contract from the beginning.

On the other hand, if they sue only the adult contractors, these will plead in abatement the non joinder of the infant joint promissor, and the action will be defeated. For then, it will be said as it is said in this case, that infancy is a personal privilege, of which none but the infant himself can take advantage. Upon one horn or the other of this dilemma every party seeking to enforce a contract made by several parties, some of whom are adults and others infants, must be suspended, if the rules already stated, that the contract of an infant is only voidable, and that the infant alone can avoid it, are to be maintained without qualification.

In Hartness vs. Thompson (5 *John.* 160), the action was brought upon a joint and several note, made by Sarah Nelson, then a *feme sole*, and who, subsequently, intermarried with the defendant Thompson, and by Joseph Nelson. The latter pleaded infancy. Upon the trial the jury, under the direction of the circuit judge, found a verdict against Thompson and wife for the amount of the note, and in favor of Nelson upon the plea of infancy. The decision at the circuit was sustained, but Van Ness, J., in delivering the opinion of the court, says, " If the note had been joint, instead of joint and several, it is not easy to discover any method of enforcing payment against Thompson and wife, without making Nelson a party to the suit. Suppose in that case, the plaintiffs should bring a suit against the former only, it appears impossible to maintain the action in any other way, than by their showing the infancy of the latter. If this be so, it may be asked, whether it would not be unprecedented, to allow the plaintiffs to take advantage of the infancy of one of the parties to the contract, for the express purpose of enforcing it against the others, and whether such a procedure would not be a direct

14

violation of the principle that infancy is a personal privilege of the infant and of which he only can avail himself." So that, although in that particular case the plaintiffs were allowed to recover on account of the peculiar form of the contract, the very distinguished judge who pronounced the judgment of the court, evidently understood the doctrine to be, that the contract of an infant is only voidable; and until something has been done by him to avoid it, no one seeking to enforce it against other parties, is at liberty to disregard the infant as a contracting party. He therefore finds the holder of a contract in which an infant is a joint contractor with an adult, involved in the same difficulty which has been already noticed. This difficulty is, unquestionably, a legitimate consequence of the doctrine when fully carried out.

But I think the question may be relieved of its difficulty by a more close attention to the nature of the infant's contract. Whatever may be the effect of the contract as against the party with whom he contracts, is it true that the contract, as against the infant, is to be regarded as obligatory until it is avoided by him? The remarks of Mansfield, Ch. J., in Burgess vs. Merrill (4 *Taunt.* 468), upon this question, are exceedingly forcible and pertinent. " I never could understand", he says, " the doctrine that the contracts of infants are voidable only and not void. The cases are not intelligible, nor reconcileable to common sense. It is said, in some of the cases, that the infant may avoid the contract by pleading—that is, he pleads *it is not his contract.* Now, how is that a contract which does not bind a man? It is inseparable from the idea of a contract that it should be binding." The case in which these remarks are found, is itself directly in point, upon the question under consideration. It is twice reported. It first came before the court, under the title of Gibbs vs. Merrill, and is found in 3 *Taunt.* 307. A bill of exchange had been accepted by the firm of Merrill and Le Blond. Merrill was sued as *sole acceptor* of the bill. He pleaded in abatement the non joinder of Le Blond. The plaintiff replied that *Merrill alone promised.* Upon the trial Le Blond was called as a witness, and proved that

Slocum and Walker agt. Hooker and another.

the bill was accepted by his firm; and that he, though an infant, had done nothing to rescind the contract. The plaintiff had a verdict. Upon a motion for a new trial, Mansfield, Ch. J., said, " Upon this plea in abatement, we can not say that the contract was not made by two persons. Therefore the verdict is wrong. According to the case in 2 *Vin. Ab. p.* 68, *tit. Actions, Joinder, D. d. pl.* 8, the plaintiff should have replied that the other joint contractor was an infant, and the defendant must either have admitted or denied it. A new trial was granted, and subsequently the replication was amended in conformity with the suggestion of the court. To the amended replication there was a demurrer, and upon this issue the case again came before the court in 4 *Taunt.* 468. In pronouncing judgment, Mansfield, Ch. J. says, " It is an extremely familiar doctrine, that all deeds and instruments operate to form a contract according to their legal effect. This, therefore, is a binding contract as to the adult, though void as to the infant. And it is extremely proper to say, that the plaintiff may safely overlook the privity of the infant, as to whom the contract is nugatory, and may describe it as a contract made by the adult contractor only."

My own conclusion is that, whatever may be the character of the contract between an infant and the party with whom he contracts—whether it is to be regarded as absolutely void, or merely voidable, it may safely be asserted that when any other person seeks to take advantage of the existence of such a contract, it is sufficient to show that it was made by a party whom the law pronounces incapable of contracting. Of course, in a case like that now under consideration, the contract in question is not the less the sole contract of the adult defendants because another person has joined in it, who was not permitted by law to make such a contract. The inability to contract being established, he ceases to be a joint contractor. I am of opinion, therefore, that this action is well brought against the adult contractors only, and that the plaintiffs are entitled to judgment upon the demurrer.