## SLOCUM and others *vs*. HOOKER and CATLIN.

Where, in an action on contract, the defendant pleads the non-joinder of his copartner as defendant, a reply that such copartner is an infant, is bad on demurrer.

The contract of an infant is voidable, not void; and infancy is a personal privilege, of which only the infant can avail himself.

*Burgess* v. *Merrill*, (4 *Taunt*. 468,) reviewed and overruled.

THIS action was brought against the defendants, as partners, to recover damages for non-performance of a special contract for carrying wheat on the canal. The defendants, among other things, alledged that Richard H. Pattison, at the time of making the contract, was a copartner with them, and was and still is jointly interested with them in the contract. The plaintiffs replied that Pattison was an infant, to which the defendants demurred. The issue of law thus joined was tried before Justice Harris at special term, who gave judgment in favor of the plaintiffs,(a) and the defendants appealed to the general term.

*Job Pierson*, for the plaintiffs.

*H. P. Hunt*, for the defendants.

*By the Court*, PARKER, P. J. The pleadings admit that Pattison, an infant, was a copartner with the two defendants, and a party to the contract; and the question presented for de-

(a) See 12 *Barb*. 563.

Slocum *v.* Hooker.

termination is, whether the plaintiffs are at liberty to claim a recovery against the two adult members of the firm alone, without making the partner under age a party to the action. I think this depends entirely on another question, viz. whether the contract with Pattison was *void* or was only *voidable*. Bingham, (in his treatise on infancy, page 8,) says, "a *void* act never is, nor never can be binding, either on the party in whom it originates or on others :" "a *voidable* act is binding on others, until disaffirmed by the party with whom it originated." Tested by these definitions, the contract on which this action is brought is clearly voidable and not void; for it will not be contended, I think, that this contract with the infant never can be binding either on the party or on others. If a promise by an infant were absolutely void, it would form no consideration for a promise made to him. But it is well settled that an infant may maintain an action on his contract. (2 *Cowen's Tr.* 702, *and cases there cited.*) Such was the action in *Forester's case,* (1 *Sid.* 40 ; 1 *Keble,* 4,) where the defense of failure of consideration was overruled, on the ground "that it was only in the election of the infant to avoid the promise, and not in the election of the other party ;" and it was laid down that the infant's promise is voidable, not void. If the parties in this suit were reversed, and Pattison had sued as a co-plaintiff, it is quite certain that Slocum and Walker could not have set up in answer, or in any way have availed themselves of, the infancy of one of the plaintiffs. The rule is the same whether the infant be a sole plaintiff or a co-plaintiff. The reason of the rule is, that infancy is a personal privilege, of which no person but the infant can avail himself. (2 *John.* 279.   5 *Id.* 160.   15 *Mass. Rep.* 272.   15 *Wend.* 65. 2 *Rand.* 178, 189, 478.) Thus a defendant cannot plead the infancy of his co-defendant. (2 *John.* 279.)

It was once supposed that the promise of an infant to pay an account stated was void, (1 *T. R.* 40,) though Bingham says, (*Bing. on Infancy,* 19,) that whether void or voidable does not appear from any decision, but it is now deemed to be only voidable. (*Williams* v. *Moore,* 1 *Mees. & Welsb.* 256.) A negotiable note of an infant was formerly held to be void.   (1 *T. R.*

40. 10 *John.* 33.) But it is now well settled to be voidable only.
(3 *Wend.* 479. 17 *Id.* 419. 2 *Hill,* 120.) And such is now
the general rule as to all his parol contracts. (*Bing. on Inf.*
21, *note* 9. 15 *Wend.* 64.) Bonds were once held absolutely
void, (*Bing. on Inf.* 31,) but they are now considered as gov-
erned by the same rule as simple contracts; and if not mani-
festly of a prejudicial character they are not void. (1 *John. Ch.*
·127. 11 *Serg. & R.* 309.) Chief Justice Parker, in *Whitney*
v. *Dutch,* (14 *Mass. Rep.* 457,) says the only clear and definite
proposition which can be extracted from the authorities is that
whenever the act *may be* for the benefit of the infant, it shall not
be considered void, but voidable; (5 *Yerg.* 41;) and this is ap-
proved by Kent, (2 *Kent's Com.* 234,) who says that the tend-
ency of modern decisions is in favor of the reasonableness and
policy of a very liberal extension of the rule, that the acts and
contracts of infants should be deemed voidable only.

The plaintiffs rely on the case of *Burgess* v. *Merrill,* (4
*Taunt.* 468.) That was a case where a bill of exchange had
been accepted by the firm of Merrill & Le Blond. Le Blond
was an infant, and Merrill was sued alone. He pleaded in abate-
ment the non-joinder of Le Blond, and the plaintiff replied that
Le Blond was an infant; to which replication the defendant de-
murred, and judgment was given for the plaintiff. It will be
observed that though the same question was raised by the plead-
ings, and in the same form, as in this case, the action was brought
upon a different kind of contract, viz. the acceptance of a bill of
exchange, and with regard to that particular species of contract
the promise was then held void and not voidable. And Sir
James Mansfield in giving his judgment put it expressly on the
ground that it was void. He said he "could never understand
the doctrine that the contracts of infants were voidable only and
not void;" and he added, "it is an extremely familiar doctrine,
resulting upon all deeds and instruments, that they operate to
form a contract according to their legal effect: this is therefore
a binding contract as to the adult, though void as to the infant.
And it is extremely proper to say that the plaintiff may safely
overlook the privity of the infant, as to whom the contract is nu-

gatory, and may describe it as a contract made with the adult defendant only."

The opinion that such a contract was void was very strongly expressed by that same judge, on the trial before him of *Williamson* v. *Watts*, (1 *Camp.* 552.) That suit was also brought on the acceptance of a bill of exchange, and the defendant was an infant. Sir James Mansfield said, " did any one ever hear of an infant being liable as an acceptor of a bill of exchange ?" He added that " an infant could not accept a bill of exchange, even for necessaries," and directed a nonsuit.

I concur entirely in the correctness of the decision in *Burgess* v. *Merrill*, if the contract was void, as it was there adjudged to be. But the reasoning is entirely inapplicable to the case under consideration, where the contract is not void but voidable. The later authorities hold that an acceptance by an infant is voidable only. (*Hunt* v. *Massey*, 5 *Barn. & Adol.* 902.) If the reason for the decision has ceased, the decision falls with it.

In giving the opinion in *Burgess* v. *Merrill*, Sir James Mansfield alludes to the case of *Chandler* v. *Parks & Danks*, (3 *Esp.* 76,) in which Kenyon, Ch. J. nonsuited the plaintiff, and said a new suit must be brought against Parks the adult, alone; it appearing on the trial that Danks was an infant; and also to the case of *Jaffray* v. *Keelner*, (5 *Esp.* 47,) in which Ld. Ellenborough followed the same doctrine. The decision was therefore made on the supposition, if not on the ground, that if Burgess had sued both Merrill and Le Blond, and the latter had availed himself, on the trial, of his infancy, that the plaintiff would fail in that suit, as to both defendants, and be driven to a second action against Merrill alone. Without inquiring whether such inconvenience would be a good reason for not deciding a cause according to well settled legal principles, it is enough to say that such at all events is not now the law. In *Hartness* v. *Thompson*, (5 *John.* 160,) both the cases in 3 *Esp.* 76, and 5 *Esp.* 47, were overruled by the supreme court of this state. The court said, " These decisions were at *nisi prius*, and we are inclined to adopt a different, and as we apprehend more convenient rule." And the court then proceeded to lay down the rule that where a

suit is commenced against several joint debtors, upon a joint contract, and one of the defendants pleads infancy, or gives it in evidence on the trial, or avails himself of any defense going to his personal discharge, the plaintiff may enter a *nolle prosequi* against such defendant and proceed to judgment against the other defendants ; or the jury may find a verdict for such defendant, and for the plaintiff against the other defendants. This practice was adopted in accordance with *Noke* v. *Ingham*, (1 *Wils.* 90,) and Sergeant Williams' note to 1 *Saund.* 207. In *Robertson* v. *Smith*, (18 *John.* 459, 478,) the case of *Hartness* v. *Thompson* was approved, and it was said the plaintiff in an action *ex contractu* against several, must show a joint contract against all the defendants, except in cases of infancy, death, or discharge of one of the defendants under the bankrupt or insolvent laws. The same practice on the subject of severing, where one of several defendants establishes a personal defense, has been followed in *Ex parte Nelson*, (1 *Cowen*, 417 ;) *Mason* v. *Denison*, (15 *Wend.* 64 ;) *Cole* v. *Pennel*, (2 *Rand.* 178 ;) *Woodward* v. *Newhall*, (1 *Pick.* 500 ;) *Tuttle* v. *Cooper*, (10 *Id.* 281, 290 ;) *Cutts* v. *Gordon*, (1 *Shepley*, 13 *Maine Rep.* 474 ; 3 *A. K. Marsh.* 457. Even in England it was decided in *Bovill* v. *Wood*, (2 *Maule & Sel.* 23,) that where one of two joint contractors has become bankrupt the suit must be brought against both, and could not be brought against the other defendant alone, because the bankrupt might not choose to avail himself of his personal defense. This decision was made in the next year after that of *Burgess* v. *Merrill.* In the cases decided in this country, to which I have referred, bankruptcy and infancy are put upon the same ground. The principle decided in the case of *Hartness* v. *Thompson* was approved by the court for the correction of errors in *Mason* v. *Denison*, (15 *Wend.* 64.)

Under our late practice the plaintiff was not only permitted to enter a *nolle prosequi* as to one of several defendants who availed himself, on the trial, of his infancy, but it might be done without paying costs ; ( *Ex parte Nelson*, 1 *Cowen*, 417 ;) and the like exemption from costs existed where a verdict was rendered ; it being provided by the revised statutes (2 *R. S.* 707, § 26, 3*d ed.*)

Slocum v. Hooker.

that where one defendant was acquitted in a joint action *ex contractu* he could not recover costs, unless the judge certified he was unnecessarily or unreasonably made a party defendant. And there is room for the same exercise of discretion under the present practice. (*Code,* § 306.)

Whatever technical difficulties may once have existed, under the general rule which required that the plaintiff in an action against several joint defendants must recover, if at all, against the whole; none certainly exist under the code, which authorizes a judgment to be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. (*Farmers and Mech. Bank* v. *Rider,* 5 *How. Pr. Rep.* 401. *Fullerton* v. *Taylor,* 6 *Id.* 259.) I do not suppose, by any means, that this provision extends any further than to enable the court to give judgment according to the contract as it shall be made to appear on the trial, and against such as made the contract and have no personal defense.

It is quite certain then that these plaintiffs might have sued Pattison with the other defendants, and have taken judgment against these defendants alone, if Pattison had set up and availed himself of infancy on the trial.

But, after all, this case rests upon established legal principles. The contract was not void. It was voidable only, and by Pattison alone. If Pattison had been sued with the other defendants, he might, if he chose, have availed himself of his non-age to avoid the contract. But the plaintiff has no right to anticipate that he would do so. It is the right of Pattison to hold the plaintiffs to the contract, and it is as much his right to be made defendant as it would be to prosecute as plaintiff. The plaintiffs contracted with him subject to these legal rights. If the infant elects to contract and carry on business jointly, and to be sued and to be liable jointly, can a person who has contracted with him say he shall not do so? If so, infancy is not a privilege personal to the infant, but to the person contracting with him. Neither the plaintiffs nor defendants can subject Pattison to the consequences of an act he may repudiate and condemn. The infant has a right to be heard, and is entitled to the privilege

of defending the suit. It is also the right of these defendants to have their copartner sued with them. The plaintiffs have no right to deprive them of contribution from their copartner, or to collect from these two defendants what is due from all three partners, if it is due at all. To enable the plaintiffs to maintain this action, would be virtually authorizing them to sever the contract and make the defendants liable on a contract different from the one they made.

The precise question involved in this cause has been decided by the court of appeals of Virginia, in *Wamsley* v. *Lindenberger & Co.* (2 *Rand.* 478.) A promissory note was executed by one of two partners in the name of the firm. One of the partners was an infant at the time of the execution of the note. An action was brought against the adult partner only. All the facts were set out in the declaration, and the defendant demurred. The court held that the action was badly brought, the act of the infant not being *void*, but *voidable* only at his election. In that case the English and American authorities were reviewed with care, and the court said the decision depended on the question whether the contract was void or voidable.

I think the judgment appealed from should be reversed, and judgment given for the defendants on the demurrer.

Judgment reversed.

[Albany General Term, February 2, 1852. *Parker, Wright* and *Harris,* Justices.]