1839.

Williams
v.
Hance.

---

## WILLIAMS *vs.* HANCE & MOTT.

Where W., who resided at Glen's Falls, was indebted to H. & M. of the city of New York, and upon application to W., at the place of his residence, for payment of the debt, it was agreed between him and those creditors that they should give to him the term of three months for the payment of one half of the debt, and four months for the payment of the other half, upon his securing the debt by bond and mortgage; and that he should, in addition to the legal interest, allow to them interest for fifteen days, for the time they estimated it would take them to obtain the money in the city of NewYork after it was paid, and the further sum of $20 for the travelling expenses of one of the creditors, who had come to Glen's Falls to secure the payment of the debt; which $20, and the additional allowance for the fifteen days extra interest were included in the bond and mortgage; *Held*, that the bond and mortgage were usurious and void, although the debtor voluntary agreed to pay the half of the expenses of coming to his residence, from New York, to collect or secure the debt.

Where no place of payment is specified in a bond and mortgage, the debt is payable at the residence of the mortgagee; or to the mortgagee personally wherever he may be found. But if a debtor, in consideration that the mortgagees will make the mortgage payable at the residence of the mortgagor, instead of the place of residence of the mortgagees, agrees to allow them the difference of exchange between the two places, the contract will not, for that reason, be invalid; unless such agreement was a mere device, on the part of the mortgagees, to evade the usury laws, and to obtain more than legal interest for the use of their money.

THIS was an appeal from a decision of the vice chancellor of the fourth circuit. The bill was filed and an injunc-

May 27.

1839.

Williams
v.
Hance.

tion obtained to restrain the defendants from proceeding, under the statute, to foreclose a mortgage given to them by the complainant ; which mortgage he alleged to be usurious. The defendants lived in New-York, and the complainant, who resided at Glen's Falls, in the county of Warren, was indebted to them in the sum of about $746. One of the defendants applied to him at his place of residence for payment of the debt; and it was finally agreed between them that the defendants should wait three months for one half of the debt, and four months for the residue thereof, upon the complainant's securing it by mortgage. And he was also to pay $20, for one half of the defendant's travelling expenses from New-York to Glen's Falls, and to allow for fifteen days additional interest, for the time it would take, as the defendants alleged, to get the money, at the city of New-York, after it became due ; which two items of allowance, amounting to about $38, were included in the mortgage. The vice chancellor considered the mortgage as usurious on that account, and refused to dissolve the injunction.

*N. Dane Ellingwood*, for the appellants.

*E. H. Kimball*, for the respondent.

THE CHANCELLOR. The vice chancellor was clearly right in supposing this mortgage was usurious, notwithstanding the denial of the defendants, in their answer, that they intended to violate the usury law. The respondent was neither legally nor equitably indebted to them for any part of the travelling expenses from New-York ; and although he did, as they allege in their answer, voluntarily agree to pay the half of such expenses, it is evident that such agreement was in consideration of their forbearing payment of the real debt, for the term of three and four months. It was, therefore, a stipulation to receive $20 which was not due to them, in addition to the legal interest, for the forbearance of money due ; and was a direct violation of the statute of usury.

As the defendants had a right to insist that their money, when it became due, should be paid to them at their place of residence, if the debtor, in consideration that they would make the money payable at his residence instead of theirs, had agreed to give the difference of exchange between the two places, I see no objection to such a stipulation; provided it was not a mere device to evade the usury law and to obtain more than legal interest. It does not appear in this case, however, that the mortgage was made payable at the complainant's place of residence; and if no place of payment was stated therein the money was payable where the mortgagees resided, unless the mortgagor should pay it to them when he found them from home. Upon a mortgage conditioned to pay the money to the mortgagee generally, without specifying any place of payment, it would be clearly usurious to stipulate for fifteen days additional interest, on the alleged ground that it would take that time to get it from the residence of the mortgagor; as he would be legally bound, by the contract, to pay interest until the money was paid at the place where by law it was payable, the residence of the mortgagee.

The order appealed from must be affirmed, with costs.