Whitewright v. Stimpson.

---

SAME TERM.   *Before the same Justice.*

WHITEWRIGHT and others *vs.* STIMPSON and others.

Where a limited copartnership becomes insolvent, and the members thereof neglect to place their assets in the hands of a proper and responsible trustee, to be distributed among all the creditors of the firm ratably, in proportion to the amount of their several debts, any creditor of such firm may file a bill in equity against the copartners, to restrain them from making an inequitable disposition of their assets; and for a receiver.

Whitewright *v.* Stimpson.

IN EQUITY. This was a motion by the plaintiffs, for a receiver, and a cross motion by the defendants to dissolve the injunction. The nature of the bill, and the facts stated in it, and in the answers of the defendants, sufficiently appear from the opinion of the court.

*Mr.* ———, for the plaintiffs.

*J. L. White,* for the defendants.

HURLBUT, J. The bill in this cause alleged that the defendants, in 1845, formed a limited partnership, and in the course of their business contracted a debt with the plaintiffs, which was due and unpaid at the filing of their bill of complaint; that the defendants are insolvent; that suits at law have been commenced against them by their creditors, and the plaintiffs fear that such prosecuting creditors will obtain a preference over others; that the defendants neglect to place their effects in the hands of a proper and responsible trustee to be distributed ratably among their creditors. The bill prays that the defendants may be enjoined from making an inequitable disposition of their assets, and for a receiver.

The defendants' answer admits the existence of the limited partnership, the purchase of goods of the plaintiffs, the non-payment of the price, and that their firm is insolvent. The answer sets up that the effects of the defendants' firm will not pay more than twenty-five per cent of their debts; and alleges that they have offered to appropriate all the assets of the partnership, and to apply them among their creditors ratably. That the plaintiffs had been offered their fair proportion of the assets of the firm, which they refused to receive, and insisted on payment in full. The answer admits that one suit has been commenced against the defendants by a creditor; also that they have neglected to place their assets in the hands of a trustee to be distributed among their creditors; but sets forth in what manner the defendants have managed the affairs of the partnership since their insolvency was discovered, and shows that

they have endeavored to avail themselves of the full value of the partnership effects, with a view to pay their creditors ratably, on their respective demands, as far as their means would go. That most of their creditors have received what they were thus able to pay, and have released them from their debts.

I think the answer fully vindicates the defendants from the charge of unfairness or fraud, and shows that they have, ever since their failure, managed their affairs advantageously for their creditors. But the answer at the same time admits enough to support the bill of the plaintiffs; to wit, the debt due to the plaintiffs, the existence of the special partnership, its insolvency, and that the defendants have neglected to place their assets in the hands of a proper and responsible trustee, to be distributed among all the creditors of the firm ratably, in proportion to the amount of their several debts. (*Innes* v. *Lansing et al.,* 7 *Paige's Ch. R.* 583.)

There must be the usual reference for the appointment of a receiver. And the motion for a dissolution of the injunction must be denied, with costs to abide the final decree in this suit.

---

SAME TERM.　　*Before the same Justice.*