## GREENE a. BRECK.

*Supreme Court, First District; Special Term, January, 1860.*

CREDITOR'S ACTION.—PARTIES.—DEFECT OF PARTIES.

A creditor cannot maintain an action in his own behalf alone, to set aside an assignment for the benefit of creditors, made contrary to the statute respecting limited partnerships. He must sue for the benefit of himself and the other creditors.

Where the statute prohibits an assignment for benefit of creditors, such an assign-

ment if made without preferences, will not be set aside at suit of one creditor, to enable him thus to obtain a preference.

Where in such an action the assignee is made a party, his objection that the creditor does not sue on behalf of others as well as of himself, is not a mere objection for defect of parties, and it may be taken for the first time at the trial.

Motion at the trial to dismiss complaint.

This was a creditor's action brought by the plaintiff, an executor, appearing as sole plaintiff, seeking to set aside an assignment for benefit of creditors which the debtors, who composed a limited partnership under the Revised Statutes, had made.

INGRAHAM, J.—It is not necessary, nor would it be proper, for me to express an opinion now upon the question whether the assignment made of the effects of the limited partnership should be declared void. If it gave a preference to one creditor over another, as alleged in the complaint, it would be ; but if made for the purpose of distribution among all the creditors in the same mode as the statute requires the property of such partnerships to be distributed, it may be necessary for the plaintiff to show something more than the mere execution of the assignment, to justify the appointment of a receiver.

But I am of the opinion that this action should have been brought in the name of the plaintiff, for the benefit of himself and the other creditors. Such I understand to be the decision in Inness *a.* Lansing (7 *Paige*, 583), and such is the necessary consequence of the provisions of the statute. (Whitewright *a.* Stimpson, 2 *Barb.*, 379.) In Walker *a.* Crain (12 *Barb.*, 119), the court say, " the intent of the act was, that the fund should be applied to the payment of the debts of the creditors without preferences, so that they should be paid in equal ratio." This was in reference to manufacturing companies, but there the same course was contemplated by the statute.

If the assignment provided for an equal distribution among all the creditors without preference, it would hardly be carrying out the intent of this statute to declare such an assignment void, for the purpose of enabling one creditor to obtain a preference, in direct violation of the provisions of the statute intended to prevent such preferences.

The objection that this is a defect of parties is not well taken. The assignee is made a party, and as such, he represents all the creditors, and may take the objections at the trial.

I think the complaint should be dismissed, but with leave to the plaintiff to amend his complaint within twenty days, on payment of the costs of the term.

---

## NEW YORK SHOT AND LEAD CO. *a.* CARY.

*Supreme Court, First District; Special Term, January,* 1860.

### FORECLOSURE.—INJUNCTION.

Leasehold premises, subject to a mortgage, were sold on execution under a judgment prior thereto, and the certificate of sale was assigned to the owner of the equity of redemption of the mortgaged premises. The mortgage having been foreclosed, and a decree of sale obtained, the owner of the equity of redemption brought an action to settle the rights of the parties, and asked for an injunction to stay the sale.

*Held,* That the injunction should be denied. 1. The plaintiff's interest as owner of the equity of redemption was undoubtedly subject to the mortgage; and the fact that he held a title under the sheriff's sale, did not alter the rights of the parties in the other estate.

2. The plaintiff in the foreclosure was not limited to redeeming as a mortgage creditor.

3. The fact that the estate foreclosed was small and rapidly expiring, was a reason for not delaying the sale.

The rights of the parties should be determined as they existed at the commencement of the action.

Motion for an injunction.

The facts are stated in the opinion.

*S. P. Nash,* for the motion.

*John T. Hoffman,* opposed.

INGRAHAM, J.—McCullough, while the owner of the lease of the premises in controversy, executed a mortgage thereon to Cary, in October, 1855, which mortgage Cary has foreclosed,