Greene *v.* Breck.

---

GREENE, executor &c. *vs.* BRECK and others.

The mere insolvency of a special partnership does not, of itself, work such a legal or equitable appropriation or distribution of its effects to, or among, all its creditors ratably, as to deprive a particular judgment creditor of his right to issue an execution, and to seize, and sell, and make his debt out of those effects; or to prevent any individual creditor who has no judgment, from commencing an action in his own name and right alone, and obtaining a judgment for his debt.

Nor will such insolvency deprive a judgment creditor of his right, by action, to remove a fraudulent obstruction, and enforce the payment of his judgment, in the absence of any action or proceeding on the part of other creditors, for a pro rata distribution or application.

APPEAL from an order made at a special term, dismissing the complaint. The action was brought by the plaintiff, suing alone, as executor, for the purpose of setting aside an assignment for the benefit of creditors, made by a special partnership. (*See the case at special term, reported* 10 *Abb.* 42.)

*By the Court,* SUTHERLAND, J. I am not aware that it has ever been held, or supposed, that the mere insolvency of a partnership, of itself, worked such a legal or equitable appropriation or distribution of its effects, to, or among all its creditors ratably, as to deprive a particular judgment creditor of his right to issue an execution, and to seize, and sell, and make his debt out of those effects; or prevent any particular

Greene *v.* Breck.

or individual creditor, who had no judgment, from commencing an action in his own name and right alone, and obtaining a judgment for his debt. And in the absence of any express legislative declaration to that effect, either in the statute regulating special partnerships, or by general law; and in the absence of any statute or law declaring or defining what act or acts or circumstances, shall constitute, or be evidence of bankruptcy or insolvency, I do not see how the mere declaration or admission of insolvency as defined and understood by our courts, could be held or supposed to work such effects.

The statute relating to special partnerships does not attempt to regulate or limit the rights of creditors, as against them; but it undertakes to regulate and limit the rights and power of the partners over the partnership property, and to regulate the rights of all the creditors in an action or proceeding when all the creditors are parties.

I find nothing in the statute, or in the cases cited, declaring or showing that the mere insolvency of the firm deprives a judgment creditor of his right, by action, to remove a fraudulent obstruction, and enforce the payment of his judgment, in the absence of any action or proceeding on the part of other creditors for a pro rata distribution or application.

It certainly does not follow, because a special partnership cannot give a voluntary preference, that a creditor cannot obtain a preference by a hostile proceeding, and against the will of the partnership.

The cases of *Innes* v. *Lansing*, (7 *Paige*, 583,) *Whitewright* v. *Stimpson*, (2 *Barb. S. C. R.* 379,) and other cases cited, in my opinion, sustain no such proposition.

If, however, the insolvency gives all the creditors a right to a pro rata distribution or application of the partnership effects, the enforcement of such right implies an action or proceeding by or in behalf of such creditors. In the absence of any such action or proceeding, I do not see why any particular or individual creditor has not a right to enforce the payment of his debt.

Butler *v.* Lee.

It appears to me that the plaintiff in this case had a right to attack the assignment, and get his debt if he could. If the plaintiff should be held to be entitled to his pro rata share only, the action might have proceeded, and the decree in it provide for bringing in other parties.

In my opinion, the order of the special term dismissing the complaint in this action, should be reversed, with costs.

[NEW YORK GENERAL TERM, May 7, 1860. *Sutherland, Bonney* and *Mullin,* Justices.]

BUTLER and another *vs.* LEE and another.

The supreme court has no power, in an action upon a draft or bill of exchange, to order the draft to be annexed to a commission issued to take the examination of witnesses for the defendant, residing in another state.

THIS was an appeal from so much of an order made at a special term, by Justice DAVIES, as required the original draft or bill of exchange on which the action was brought, to be annexed to the commission issued to examine certain witnesses in Iowa for the defendants; the draft or bill of exchange to be delivered by the plaintiffs or their attorney to the clerk of this court, for that purpose, who should, before annexing the draft to the commission, cause a *photograph* of said draft to be taken, at the expense of the defendants, to be allowed them as disbursements in the action in case of their recovery.

The defense set up in the answer was, that the draft was in fact drawn for $10, and was afterwards altered without the defendants' knowledge or consent to $100.

*Miller, Peet & Nichols,* for the plaintiffs.

*A. K. Hadley,* for the defendants.