SELAH HILER *against* MARTHA M. HETTERICK, IMPLEADED
WITH BENAIAH G. STOKES.

A creditor having obtained judgment against one of two persons, sued as joint
debtors, may issue execution on his judgment, and if it is returned unsatisfied,
he may commence a creditor's action without proceeding to judgment and ex-
ecution against the other joint debtor.

In a suit brought under §§ 51, 52 of 1 R. S. 728, to have a resulting trust in favor
of creditors declared, the objection that the action is instituted on behalf of
the plaintiff alone, and not on behalf of all the creditors of the debtor, is
waived if not taken by demurrer or answer, and where no other creditors en-
titled to such relief are shown to exist, the court will not order the pleadings to
be amended, so as to enable any such persons, if existing, to take advantage of
the recovery.

*It seems* that a judgment creditor, after return of execution unsatisfied, may com-
mence in his own name a suit to have land, paid for by his debtor and the title
taken in the name of a third person, declared to be held in trust for him, and
to have his judgment charged on it, and that the action can be sustained inde-
pendently of the provisions of 1 R. S. 728, §§ 51, 52.

Where a referee reported that judgment should be entered, appointing a receiver,
and ordering a reference to take and state an account, and on his report judg-
ment was entered, (without application to the court), by which a receiver and a
referee were nominated to carry out its provisions, *Held*, that the failure to
have the receiver and referee nominated by the court was an irregularity, but
did not render the judgment void.

In an equity suit a judgment will not be reversed for a technical error in the ad-
mission of evidence, where the court is satisfied that no substantial injustice
has been done.

APPEAL by the defendant Hetterick from a judgment en-
tered on the report of a referee.

The action was brought against Martha M. Hetterick and
Benaiah G. Stokes, for the purpose of having a resulting trust
declared to exist in favor of the plaintiff, in regard to certain
real estate in the city of New York, which was alleged to have
been purchased with the money of the defendant Stokes, and
the conveyance made to the defendant Hetterick, at a time
when Stokes was indebted to the plaintiff.

On the reference, it appeared that in 1853 a suit was com-
menced in the Supreme Court by the plaintiff against Henry
Stokes and Benaiah G. Stokes, and in 1870 judgment was en-

tered in that suit for $41,951 14 against both defendants. This judgment was opened as to Henry Stokes, and all proceedings against his separate property or the partnership property stayed. Execution was issued against the separate property of Benaiah G. Stokes, and on its return unsatisfied, supplementary proceedings were had, and a receiver appointed of his property.

The defendant Hetterick, who was the only one who appeared or defended in this action, alleged that Benaiah G. Stokes had colluded and conspired with the plaintiff in obtaining the judgment, and in support of this showed that on a trial of the cause before Judge Roosevelt in 1853, a decision was rendered which was favorable to the defendants, and that the suit was not touched again from that time until 1870, when a substitution of attorneys for the defendants was procured by Benaiah G. Stokes; an amended and a supplemental complaint served, and the issues referred by consent, and on the referee's report judgment entered. The referee here found, however, that there was no proof sufficient to establish fraud or collusion on the part of B. G. Stokes, and that the judgment against him was without taint of fraud.

The referee also found that the defendant Benaiah G. Stokes, in 1861, purchased the house and lot No. 10 Lexington avenue, and paid for it $11,000. That, although Stokes paid the entire consideration money, he procured the deed of the property to be made to the defendant Martha M. Hetterick, who was then his kept mistress. That at the time of this conveyance Stokes was indebted to the plaintiff in an amount exceeding the purchase price of the premises, and was largely insolvent.

From these facts the referee derived the conclusions of law that under §§ 51 and 52 of 1 R. S. 728, the title to the premises was vested absolutely in the defendant Hetterick, with, however, a resulting trust in favor of the creditors of Stokes who were such at the time of the payment by him of the consideration, and that the plaintiff, as such a creditor, was entitled under such resulting trust to have the house and lot, and the value of the use and occupation of the same by the defendant

Hetterick, from the date of the conveyance to her to the time at which she might surrender the same under the decree of the court, and also all the rents and profits derived by her from the same, whether by lease, sale, mortgage, or otherwise, applied towards the payment of the plaintiff's judgment against B. G. Stokes. To accomplish this result the referee ordered judgment: 1. That the defendant Hetterick be adjudged to hold the premises in trust for the benefit of the plaintiff. 2. That the premises be sold, and the proceeds applied to the payment of the plaintiff's judgment. 3. That a receiver be appointed to receive a conveyance of the premises from the defendant Hetterick, and also to demand and receive the value of the use and occupation and the rents and profits of the premises. 4. That the defendant Hetterick be perpetually enjoined from disposing of, or interfering with the premises or the rents and profits; and 5. That she execute a conveyance of the premises to the receiver, and pay over to him all profits or income derived by her in any way out of the same, and that it be referred to a referee to take an account of such rents and profits.

Judgment was entered on this report without any application to the court, and in the judgment the receiver and referee were nominated (though they had not been in the referee's report). On the reference to take account of the rents and profits, the referee reported that the same amounted to $22,108 42, and on this report judgment was entered against the defendant Hetterick for that sum.

From both the interlocutory and the final judgment appeals were taken.

*Benjamin T. Kissam*, for appellant.

*J. P. Fitch*, for respondent.

ROBINSON, J.—The finding of the referee upon conflicting proofs, that the house and lot No. 10 Lexington avenue was purchased with the money of Benaiah G. Stokes, and the title taken in the name of the defendant Martha M. Hetterick, his kept mistress, when he was insolvent, and in fraud of the rights

of the plaintiff, his creditor, can scarcely be the subject of question to any one perusing the testimony; but even if any such doubt should exist, the conclusion to which the referee has arrived, after hearing the proofs and with full opportunity of judging of the credit of the witnesses examined before him, will not be disturbed by an appellate court for any supposed preponderance of proof to the contrary his finding, but only for manifest error.

He also finds that plaintiff was a creditor of Stokes at the time of such transaction, in an amount exceeding the purchase money paid for such property, for which he subsequently recovered a judgment in the Supreme Court, June 28, 1870, for $41,951 14. None of the supposed irregularities in the conduct of that suit, either in the substitution of an attorney for the defendants or in the revival of the action after it had for a long time laid dormant, or any supposed want of good faith in the claim from an adverse decision by Judge Rosevelt in a preliminary stage of the proceeding, lead to any conclusion that the action was not prosecuted in good faith or defended with proper vigor; and far less did they raise any presumption that the suit commenced some eight years before the transaction brought in question and the proofs of loss and damage made as arising from Stokes's failure to comply with the contract on which the action was founded, were false, or simulated, or urged with the mere purpose on the part of the plaintiff to assail the title of the defendant Hetterick to the property in question. Even if the recovery was erroneous, and the action imperfectly defended, there are no grounds for holding that there was any conspiracy between plaintiff and B. G. Stokes to carry on the action with a view to defraud the defendant Hetterick out of any of her just rights. Regarding her and Stokes as *in pari delicto*, so that he could not reclaim what he had squandered upon her, she stands in no position to assail the *bona fides* of the recovery against him through the forms of the law, unless she show the judgment was suffered upon a fictitious debt and in fraud of her interests. I cannot perceive in the circumstances, to which reference is made on her behalf, anything indicating a want of earnest persistence by the

plaintiff in the claims he made in the suit against Stokes, or any such undue concession by the defendant on the trial, that point to a connivance between them to allow or enhance the damages beyond what might properly be claimed and recovered.

The proceedings in the action were somewhat peculiar. The recovery was had against both Benaiah G. and Henry Stokes, and the Supreme Court, for cause shown, set it aside as against Henry, and allowed it to stand as a several judgment against Benaiah G. Upon this separate judgment against him, execution was issued and returned unsatisfied, and it is upon such proceedings that this action, in the nature of a creditor's bill, was instituted, with a single view to assail the title of the defendant Hetterick in the property purchased, as alleged, with the funds of B. G. Stokes. In my opinion, it can be maintained, as well as a creditor's bill founded upon a recovery by judgment and execution thereon returned unsatisfied, assailing the transaction in question as a fraudulent trust, or as a claim by a creditor at large founded on the provisions of sections 51 and 52 of the Revised Statutes, relating to uses and trusts (1 R. S. 728).

To the objection, that the first-mentioned proceeding by way of creditor's bill cannot be sustained, because plaintiff had not exhausted his remedy at law, since the action has not been concluded as against Henry Stokes, it is well answered that all such modes of redress as the statute or practice of a court of equity points out or requires, to wit, the recovery of a judgment and the issuing and return unsatisfied of an execution thereon, had been previously perfected. The existence of the debt as due by Benaiah G. Stokes, upon a claim of anterior date to the transaction in question, was established in the action against him, and also that an execution thereon had proved inoperative, and although there may be other remedies that the plaintiff might pursue at law for his debt against Henry Stokes, or other property than such as was held by Benaiah G. Stokes, or such as had been fraudulently conveyed by him, the remedy at law as against him was exhausted, and the defendant can present no consideration of an equitable nature that should require the plaintiff to proceed against some other per-

sons or funds before resorting to the property of Benaiah G. Stokes that has come into her hands in fraud of the rights of his creditors.

Although the trust created in favor of creditors of a party paying the consideration money of real estate conveyed to another, by the provisions of sections 51 and 52 of the statute "of uses and trusts" (1 R. S. 728), may inure to the benefit of all such creditors, that the action should have been instituted not only on the plaintiff's own behalf, but also on behalf of all other creditors, constitutes no defense. The case alleged and proved was of actual and not mere constructive fraud. No such defense of the absence of any other creditors as necessary parties plaintiffs was presented by answer or demurrer, and therefore "it is to be deemed to have been waived" (Code, §§ 144, 148). Were the case one free from the badge of fraud disclosed, still in the absence of any proof of the existence of any other creditor standing in a like situation to question this transaction, or of any who had taken any action or proceeding for a *pro rata* distribution, the law favors the diligent creditor; and where no proof was offered of the existence of any such other creditors of Benaiah G. Stokes as were entitled to like relief, nor any claim presented on behalf of any of them, the court was not called upon even to exercise the powers conferred by § 122 of the Code, for the addition of other necessary parties, or make any judgment in their behalf. The simple objection, that in order to bring himself within the provisions of sections 51 and 52 (1 R. S. 728), the plaintiff should have amended his complaint so as to have made the action one in behalf of all the creditors of Benaiah G. Stokes, was not tenable, either as a defense to the action or as a valid objection to the judgment rendered in it (*Greene* v. *Breck*, 32 Barb. 73, rev'g 10 Abb. Pr. 42). The defendant Hetterick is in no way the defender or representative of the rights of any such other creditors; and if the court, without notice of any claims by other parties, should erroneously adjudge the appropriation of this property to plaintiff's debt, is he would still find a like protection in that decree, as in the pay-

ment of any other debt to the creditor or his assignee *in invitum* before notice of the claims of third persons.

The referee on the trial was vested with all the powers of the court in rendering judgment and insuring its enforcement, through a subsequent reference to take and state an account and the appointment of a receiver. A judgment settled in conformity to his finding, by which a referee or receiver is nominated to carry out its provisions, is subject to the supervision of the court, and, if entered without such supervision and allowance by the court, would not be void, but merely irregular.

It is further claimed that the defendant Hetterick, by accepting a conveyance of real estate, the consideration money for which was paid by B. G. Stokes, the debtor, could only become an involuntary trustee of a resulting trust, to the extent of the money so advanced by him in the purchase of the property. The sum of $11,000, shown on the part of plaintiff to have been paid by Stokes for that purpose on April 3d, 1861, with simple interest to the date of the report of the referee, would amount only to about $20,700, while the judgment rendered charges the property with the entire debt to plaintiff. The amount thus paid for the property constituted the entire consideration money, and the referee correctly held that the defendant Hetterick, like any other trustee of a fraudulent trust, should receive no benefit therefrom to the prejudice of the creditors, but should be held to an account for all benefits she had received from the property.

This was the sole result of the judgment against her, and it was but in accordance with the facts found against her.

No substantial error was committed by the referee in admitting testimony, and if in any respect it was subject to criticism as irrelevant, considering the nature of this controversy, there is no such error pointed out as could have had any serious effect in perverting the decision of a judge possessed of ordinary judgment and judicial discretion. An examination of the whole case satisfies the conscience of the court that entire justice has been done, and even for technical errors the judgment should not be disturbed (*Lansing* v. *Russell*, 2 N. Y. 563 ; *Forrest* v. *Forrest*, 25 N. Y. 501). No substantial

injustice appears to have been done, in any respect, in admitting
any improper testimony. Those items of proof to which ex-
ceptions were taken, were all addressed to the establishment
of the *bona fides* of the transaction, and tendered to affect the
credibility of the defendant Hetterick through conduct incon-
sistent with her statements.

I can discover no just ground for reversing the judgment,
and am of opinion it should be affirmed, with costs.

DALY, Ch. J., and LARREMORE, J., concurred.

Judgment affirmed.