EZEKIEL Y. BELL, ASSIGNEE, ETC., APPELLANT, *v.* EDWARD L. MERRIFIELD, RESPONDENT.

*Limited partnership — liability of a special partner withdrawing part of the firm capital — a firm creditor cannot enforce such liability until the return unsatisfied of an execution issued upon a judgment recovered against the firm.*

A special partner who, in violation of the statutes, withdraws the capital contributed by him or any profits from the firm, and thereby reduces its original capital, is not only liable to be treated as a general partner but may also be compelled to account in a proper action for the moneys so received as being held by him as a trustee for the benefit of the creditors of the firm.

In order to authorize a creditor of the firm to maintain an action against a special partner to recover money or choses in action so paid or transferred to him, a judgment must first have been obtained against the firm and an execution have been issued thereon and returned unsatisfied.*

---

* The reporter was informed, after this case and subsequent cases had been put in pages, that a reargument had been ordered herein, on the ground that the court had misapprehended the facts of the case in assuming that an execution had not been issued and returned unsatisfied.] — REP.

## 220                     BELL v. MERRIFIELD.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

In 1870, a special copartnership was formed, in pursuance of the provisions of the Revised Statutes concerning limited partnerships, in which Silas Merrifield and William O. McDowell were the general partners, and the defendant Edward L. Merrifield was the special partner, and they assumed the copartnership name of Merrifield & McDowell. This firm did business until the 10th day of April, 1871, when it was dissolved. At the time of its dissolution this firm was indebted to Henry Lawrence & Sons, in a large sum of money for goods, wares and merchandise sold, in the sum of $18,000 and upwards. The defendant Edward L. Merrifield, by the terms of the articles of copartnership, was to contribute as such special partner the sum of $5,000, and insists that he did make such contribution in cash and in good faith. At the time of the dissolution the defendant also claimed that the firm had done a prosperous business, and that he was entitled to withdraw his profits, a considerable sum of money, in pursuance of the terms of the articles. After the dissolution, by an arrangement entered into by and between the defendant and the general partners, he did draw out a sum equal to his capital, and profits to the amount of $3,900. On the trial the plaintiff gave evidence tending to show that at the time of the dissolution the firm of Merrifield & McDowell were insolvent; and gave some evidence fairly tending to prove that the cash capital which the defendant Edward L. Merrifield agreed to pay into the copartnership was not paid in cash, but that it was only colorable, and that the transaction was a mere shift he, in fact, turning in property instead of cash. The plaintiff, in his complaint, asks for a money judgment of $8,900, and interest thereon from the day of dissolution, and seeks no other relief. The plaintiff also averred in the complaint, and proved upon the trial, that the plaintiff had recovered a judgment against the general partners, in the Superior Court of the city of New York, on the 1st day of February, 1877, for the sum of $21,585. It is also averred that execution in due form was issued upon said judgment against the general partners, to the sheriff of the city and county of New York, which was returned wholly unsatisfied. He gave no proof concerning the issuing and return

of the execution, the same having been put in issue by the defendant's answer. The defendant, by his answer, put in issue the particular facts upon which the plaintiff relied, to make out his cause of action, and set up that the judgment against the general partners, already referred to, was a bar to a recovery in this action.

It appears by the proofs that the defendant was made a party defendant in the action in the Superior Court, and he appeared and put in an answer denying his liability as a general partner, and pleading that he was a special partner in exemption of liability for the debts of the company. On the trial of that action the verdict was against this defendant, with the other defendants. The General Term in that court set aside the verdict against this defendant, and judgment was entered thereon against the general partners. The plaintiff appealed to the Court of Appeals, and gave the usual stipulation for judgment absolute in case of the affirmance of the order. The Court of Appeals affirmed the decision of the General Term.

The defendant, in his motion to dismiss the complaint, placed it upon the ground that the judgment in favor of this defendant in the former action was *res adjudicata* as to this action, and a bar to a recovery. The plaintiff's counsel requested to go to the jury upon the questions, whether or not the moneys set forth and claimed in the complaint to have been diverted by the general partners had been so diverted by them and received by the defendant when the firm of Merrifield & McDowell was insolvent, as stated in the complaint, and whether the defendant had violated any of the provisions of the second, seventeenth, twentieth, twenty-second and twenty-third sections of the act (3 R. S. [5th ed.], 61, *et seq.*) concerning limited partnerships. The court denied the motion and dismissed the complaint.

*Matthew Dailey*, for the appellant.

*Britton & Ely*, for the respondent.

Barker, J.:

Upon a state of acts, such as the plaintiff's evidence tended to prove, a case would be made creating a liability against the defendant, as a general partner, for all the debts of the firm of Merrifield & McDowell.

There is no claim made by the plaintiff but that all the conditions and requirements of the statute (3 R. S. [5th ed.], 61, *et seq.*) were complied with in creating a limited partnership and starting it in business, except as to the failure to pay in, in cash, the capital to be contributed by the defendant. The other violation of the statute which the plaintiff sought to prove on the trial, and upon which he relies to maintain this action, consists in withdrawing the capital contributed by the defendant and the alleged profits of the company, it being at that time insolvent. The scheme of the statute is to permit the formation of business companies so that members of the same, called special partners, shall not be liable for the debts and obligations of the company, beyond the capital contributed, and that he may, at the same time, share in the profits of the business, if any are made. To secure this immunity, the special partner must perform all the requirements and observe all the conditions in the statute, if he fails to do this and disregards its commands and injunctions, the shield which the statute intended to give him is gone, and he, in fact and in law, becomes a general partner, with all the common-law liabilities incident to that relation. (*Madison County Bank* v. *Gould*, 5 Hill, 309; *The First National Bank of Canandaigua* v. *Whitney*, 4 Lans., 34; *Haviland et al.* v. *Chace et al.*, 39 Barb., 283.)

By the eighth section it is declared that no partnership, under the statute, shall be deemed to have been formed until all the requirements of the statute are complied with, and if they are not, and any false statement is contained in the affidavits, then all the persons interested in the partnership shall be liable for all its engagements as general partners. If, after the formation of the company in strict conformity to the statutory requirements, any effects of the concern are transferred in violation of the provisions of section 20 or 21, with the assent of the special partner, then he is made liable in the same manner and to the same extent.

There is also a provision that no part of the sum which any special partner shall have contributed to the capital stock shall be withdrawn by him, or paid or transferred to him in the shape of dividends, profits or otherwise, at any time during the continuance of the partnership, but he is permitted to receive lawful interest on the sum contributed by him, if the payment of such interest shall

not reduce the original amount of the capital contributed by him. (Section 15.)

By the next section it is provided, if it shall appear that by the payment of interest or profits to any special partner the original capital has been reduced, the partner receiving the same shall be bound to restore the amount necessary to make good his share of the capital with interest. The statute omits to declare that a violation of the provisions just mentioned shall have the effect to make the special partner liable, and to remit him to his common-law liability as a general partner, but it was held in the case of the *Madison County Bank* v. *Gould* (*supra*), that such consequences are visited upon the special partner for violating the restraints imposed by sections 15 and 16, it being the manifest intention of the statute that the sum contributed by the special partner shall remain unimpaired until all the debts and obligations of the copartnership are discharged. (See, also, *Haviland* v. *Chace*, 39 Barb., 283.)

It is only by force of the statute that the liability of the special partner is limited, and the existence of the copartnership, in a legal sense, is continued until its affairs are wound up, although the period through which the copartnership was to continue has expired.

All the facts and circumstances upon which the plaintiff now relies as creating a liability on the part of the defendant, as a general partner, existed when the action was commenced in the Superior Court to charge the defendant as a general partner. All the proper and necessary parties to recover the plaintiff's debt against the copartnership were made defendants and served with process, and the issues were so framed that the plaintiff had the right to recover against the defendant as a general partner, if he was liable as such for having violated any of the provisions of the statute. It must therefore be held that that action constitutes a bar to this, so far as the plaintiff seeks a recovery, based upon any liability which the defendant has incurred as a general partner.

The proposition seems so plain that it is unnecessary to follow it any further with argument or illustration, or to cite authorities in support of this view of the case.

It was understood by the court on the argument, that the learned counsel for the plaintiff did not contend against this view of the case and conceded that a recovery could not be had, and none was

sought in this action against the defendant based upon his common-law liability, as a general partner; but that upon the facts averred in the complaint, and which the evidence tended to prove, the plaintiff made a cause of action of a different character, and that he could recover as a creditor of the copartnership, a sum equal to the amount withdrawn by the defendant after the formal dissolution of the limited partnership. In considering the correctness of this position, we must regard it as established, that at the time of the dissolution the firm of Merrifield & McDowell were insolvent. That being so, the withdrawal by the defendant of the capital contributed by him and the further sums, which were supposed profits, was against the positive provisions of the statute, and the defendant has no right in law or equity to have and keep the same as against the creditors of the copartnership; as between himself and his associates, who turned over these assets to him, he may hold them as against them so far as we need to determine on this hearing. The right of the defendant to withdraw this sum of money and retain the same is not made to depend on the question of good faith on his part; the fact of insolvency is controlling against him, the transaction was illegal and void, and the defendant holds this sum of money as a trustee, for the benefit of the creditors, and in a proper action can be made to account for the same. But the defendant's liability thus to account cannot be enforced in an action at law. The legal liability imposed upon the defendant in acting contrary to the statute is that of general partner and none other. The statute has declared his liability to be that of a general partner, which can only ordinarily be enforced by an action at law. At the trial the case proceeded as an action at law. A jury was called, and at the close of the evidence, the plaintiff's counsel insisted upon the right to go to the jury upon the whole case, urging upon the court that he had made out a cause of action, which entitled him to a verdict for the sum claimed, with interest thereon, from the time the defendant received the moneys from his copartners.

Upon the averments contained in the complaint a good cause of action in equity was stated against the defendant, entitling the plaintiff to relief; requiring the defendant to account for the moneys improperly withdrawn, and which he holds as trustee for the benefit of the judgment-creditors of the company.

The recovery of the judgment in the Superior Court against the general partners is set forth in the complaint and followed by the allegation that execution thereon had been issued and returned wholly unsatisfied. Proof of these facts, together with the other averments alleging the improper withdrawal of the capital contributed by the defendant, would entitle the plaintiff to maintain an action in the nature of a judgment-creditor's suit.

Upon the trial the plaintiff failed to prove the issuing of the execution and a return thereon unsatisfied. If these facts had been proved as alleged, then, with the evidence which the plaintiff did give, the complaint ought not to have been dismissed, and the jury should have been discharged and the action tried as a suit in equity.

The money and assets which were transferred to the defendant being owned by the copartnership and transferred to him, with the consent of all the parties having the legal title 'thereto, the defendant acquired a perfect title, except as to the judgment-creditors of the partnership.

If the assets transferred to the defendant had been personal property subject to levy and sale on execution, or real estate upon which the judgment would have become a lien, then the plaintiff could have reached them by execution and there would have been no necessity for resorting to an equitable action to set aside the transfer and compel an accounting. But as the property transferred to the defendant was money, or choses in action, it was necessary for the plaintiff to have an execution upon the judgment issued and returned unsatisfied before he could reach the money and assets in the hands of the defendant.

There are a class of cases holding that where a limited copartnership becomes insolvent that any creditor of such insolvent firm may file a bill in equity, in behalf of himself and all the other creditors of the limited copartnership, to restrain the insolvent partner from disposing of the property and effects of the concern, contrary to the provisions of the statute, and ask that a receiver be appointed of the copartnership assets, although the creditor has not obtained judgment upon his debt.

Actions of this nature are supported with a view of producing a distribution of the assets of the company ratably among all its creditors. The proceeding is based upon the legal proposition that

the assets of a copartnership of this nature are a special trust fund for the payment of all the copartnership debts ratably. (*Innes* v. *Lansing*, 7 Paige, 581; *Whitewright* v. *Stimpson*, 2 Barb., 379.)

Similar actions may be maintained by any member of the copartnership firm, for the purpose of placing the assets in the hands of a receiver, to prevent waste and to secure a just and equitable distribution among the creditors. Where the members of the firm omit to take this step, then any general creditor can step in and prosecute the suit for his own protection. (*Van Alstyne* v. *Cook*, 25 N. Y., 489.)

This case is plainly distinguishable from those cited, for the reason that by the act of the general partners, which was lawful, so far as they were concerned, and of which they cannot complain, the title to the funds and assets which the plaintiff seeks to reach, became vested in the defendant, and as his title is perfect against all persons, except the creditors, he may insist upon the requirement that there be an execution issued against the property of the general partners, and returned unsatisfied, before he is called upon to account for the moneys which he has received.

Where the judgment-creditor pursues his remedies at law against the insolvent special partnership, by causing execution to be issued upon the judgment and returned unsatisfied, he thereby secures a prior special lien upon the assets which have been transferred in violation of sections 20 and 21. Without taking these steps he secures no priority whatever.

By section 21, it is declared that every sale, assignment or transfer of any of the property or effects of a general or special partner, made by a general or special partner, when insolvent, or in contemplation of insolvency, with the intent of giving to any creditor of the partnership a preference over creditors of the partnership, and every judgment confessed, lien created, or security given by any such partner, shall be void against the creditors of the copartnership. The object and purpose of these sections is to hold the copartnership assets for equal distribution among all the creditors.

If the plaintiff be allowed, in this action, without proving the issuing and returning of an execution unsatisfied, to recover the assets transferred to the defendant, it would be to defeat the very object and purpose of the statute.

We are, therefore, of the opinion that the plaintiff failed to establish a cause of action at law, or for relief in equity, and that there was no error in dismissing his complaint.

The judgment appealed from is affirmed, with costs.

Brady, P. J., and Daniels, J., concurred.

Judgment affirmed, with costs.